UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Susan Jock<br>222 Sunset Dr.<br>Nottingham, PA 19362<br><br>    Plaintiff,<br><br>v.<br><br>Neiman, Rona & Associates<br>255 Great Arrow, Suite 4<br>Kenmore, NY 14216<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around June 15, 2010, Defendant telephoned Plaintiff.

8. During this communication, Defendant falsely represented that Plaintiff would be arrested for check fraud if the debt was not paid.

9. During this communication, Defendant threatened to send the police to Plaintiff's house to arrest Plaintiff if the debt was not paid.

10. During this communication, Plaintiff notified Defendant that she was filing bankruptcy.

11. During this communication, Defendant falsely represented that Plaintiff could not include the debt in Plaintiff's bankruptcy filing.

12. During this communication, Defendant represented that Plaintiff's food stamps would be withheld if the debt was not paid.

13. During this communication, Defendant demanded to speak with Plaintiff's mother ("Mother").

14. During this communication, Plaintiff gave Mother the telephone.

15. During this communication, Defendant falsely represented to Mother that Plaintiff was going to be arrested.

16. During this communication, Defendant threatened to pursue Mother for fraud.

17. During this communication, Defendant represented that Plaintiff would not be arrested if Mother paid the debt.

18. As a result of Defendant's threats and misrepresentations, Mother gave her bank account information to Defendant to pay the debt.

19. At the time of these communications, Defendant had neither the intent nor ability to send the police to arrest Plaintiff.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT SIX

### Invasion of Privacy by Public Disclosure of a Private Fact

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

34. Defendant's accusation of a crime and the threat of legal action to this person are highly offensive.

35. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

Respectfully Submitted,

By: _____
Thomas M. Nicely (Bar No. 92759)
Legal Helpers, P.C.
111 S. Independence Mall East, Suite 555
Philadelphia, PA
Tel: 866.339.1156
tmn@legalhelpers.com
*Attorney for Plaintiff*

4